IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


ANGELA LOSH,

          Plaintiff,

     v.                              CIVIL ACTION NO. 1:06CV130
                                     (Judge Keeley)

COMMISSIONER OF SOCIAL
SECURITY,

          Defendant.


ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION


     Pursuant to 28 U.S.C. §636(b)(1)(B), Rule 72(b), Federal Rules
of Civil Procedure and Local Court Rule 4.01(d), on August 30,
2006, the Court referred this Social Security action to United
States Magistrate John S. Kaull with directions to submit to the
Court proposed findings of fact and a recommendation for
disposition.

     On June 11, 2007, Magistrate Judge Kaull filed his Report and
Recommendation and directed the parties, in accordance with 28
U.S.C. §636(b)(1) and Rule 6(e), Fed. R. Civ. P., to file with the
Clerk of Court any written objections within ten (10) days after
being served with a copy of the Report and Recommendation and
further directed the parties that failure to file objections would
result in a waiver of the right to appeal from the judgment of this
Court.  The parties did not file any objections.

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

In <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990), the
Fourth Circuit held that the Administrative Law Judge ("ALJ") bears
the ultimate responsibility for weighing the evidence and resolving
any conflicts, and that, in reviewing for substantial evidence, the
reviewing court does not re-weigh conflicting evidence, make
credibility determinations, or substitute its judgment for that of
the Commissioner. Here, the Magistrate Judge determined that the
record does not contain substantial evidence to support the ALJ's
findings regarding the weight assigned to the opinion of Ms. Posey
and Dr. Underwood as consultative physicians, or the decision
regarding Losh's residual functional capacity for sedentary work
"without assigning any weight to or relying on the medical opinion
of her treating physician," Dr. Khan. Accordingly, the Magistrate
Judge recommended that this matter be remanded for further
proceedings.

Upon consideration of the Magistrate Judge's recommendation
and having received no written objections,[1] the Court accepts and
approves the Report and Recommendation.  Therefore, it is

---

[1]      The failure of the parties to object to the Report and
Recommendation not only waives their appellate rights in this
matter, but also relieves the Court of any obligation to conduct a
*de novo* review of the issues presented.  <u>See</u> <u>Wells v. Shriners
Hospital</u>, 109 F.3d 198, 199-200 (4th Cir. 1997); <u>Thomas v. Arn</u>,474
U.S. 140,148-153 (1985).

**ORDERED** That Magistrate Judge Kaull's Report and Recommendation/Opinion is accepted in whole and this civil action be disposed of in accordance with the recommendation of the Magistrate. Accordingly,

1. The plaintiff's motion for Summary Judgment (Docket No. 12) is **GRANTED-IN-PART**;

2. The defendant's motion for Summary Judgment (Docket No. 15) is **DENIED**;

3. The plaintiff's claim is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. §§ 504(g) and 1383(c)(3) for further proceedings consistent with the recommendations made by Magistrate Judge Kaull in his June 11, 2007 report and recommendation; and

4. This civil action is **DISMISSED WITH PREJUDICE** and **RETIRED** from the docket of this Court.

The Clerk of Court is directed to enter a separate judgment order. Fed.R.Civ.P. 58. If a petition for fees pursuant to the Equal Access to Justice Act (EAJA) is contemplated, the plaintiff is warned that, as announced in <u>Shalala v. Schaefer</u>, 113 S.Ct. 2625 (1993), the time for such a petition expires ninety days thereafter.

The Clerk of the Court is directed to transmit copies of this Order to counsel of record.

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

DATED: July 5, 2007.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE