IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANGELA LOSH,
        Plaintiff,
v.                                                        CIVIL ACTION NO. 1:06CV130
                                                                            (Judge Keeley)
MICHAEL ASTRUE, COMMISSIONER OF
SOCIAL SECURITY,
        Defendant.

## REPORT AND RECOMMENDATION/OPINION

On August 30, 2006, Angela Losh ["Plaintiff"] filed a Complaint seeking judicial review pursuant to 42 U.S.C. § 405(g) of an adverse decision by Defendant, the Commissioner of Social Security ["Defendant"]. The Court referred the matter to the undersigned United States Magistrate Judge, who on June 11, 2007, issued a Report and Recommendation recommending that Plaintiff's Motion for Summary Judgment be granted, and the claim be remanded to the Commissioner. [Docket Entry 16]. On June 6, 2006, the District Court adopted the undersigned's Report and Recommendation, granting Plaintiff's Motion for Summary Judgment in part and remanding the action to the Commissioner for further proceedings pursuant to the Fourth Sentence of 42 U.S.C. § 405(g) [Docket Entry 17].

On August 23, 2007, Plaintiff filed an "Application for Fees and Other Expenses" seeking attorney's fees and expenses in the amount of $3,465.00, representing 25.2 hours and 6.3 hours of work by Plaintiff's counsel, Montie VanNostrand and a Legal Assistant, respectively [Docket Entry 19]. Defendant filed a "Response to Plaintiff's Petition for Attorney Fees Under to the Equal Access to Justice Act" on September 7, 2007 [Docket Entry 20]. Plaintiff filed her Reply on September 21, 2007 [Docket Entry 22]. This matter was referred to the undersigned United States Magistrate Judge

1

for Report and Recommendation by Chief United States District Judge Irene M. Keeley on September 11, 2007 [Docket Entry 21].

Pursuant to the EAJA, a plaintiff's attorney is entitled to a fee award if: (1) the claimant is the prevailing party; (2) the government's position was not "substantially justified;" (3) no special circumstances make an award unjust; and (4) the claimant timely filed his petition and an itemized statement within thirty days of the final judgment. 28 U.S.C. § 2412; Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991).

The Commissioner objects to the Plaintiff's fee petition on the basis that: 1) his litigation position was substantially justified; and, in the alternative, 2) Counsel's fee petition is, in part, unreasonable, and should therefore be reduced. Plaintiff first argues that the Commissioner's position was not substantially justified. In Hyatt v. Barnhart, 315 F.3d 239 (4th Cir. 2002), the Fourth Circuit explained the phrase "substantially justified" as follows:

> Under § 2412(d)(1)(A) of the EAJA, the court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort) . . . brought by or against the United States in any court having jurisdiction of that action, *unless the court finds that the position of the United States was substantially justified* or that special circumstances make an award unjust. *Id.* (emphasis added). The award of attorneys' fees to a prevailing party, therefore, "is mandatory *unless* the government can demonstrate that its position was 'substantially justified,' " EEOC v. Clay Printing Co., 13 F.3d 813, 815 (4th Cir.1994), or that special circumstances make an award unjust. " 'Substantially justified' means 'justified to a degree that could satisfy a reasonable person' or having a 'reasonable basis both in law and fact.' " *Id.* (quoting Pierce v. Underwood, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)). "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C.A. § 2412(d)(1)(B). And, in determining "whether the government acted reasonably in causing the litigation or in taking a stance during the litigation," we must consider the "totality of the circumstances." Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir.1993). We review the district court's determination that the SSA's position was

2

> not "substantially justified" for an abuse of discretion. *See* <u>Pierce,</u> 487 U.S. at 562-63, 108 S.Ct. 2541.

<u>Id.</u> at 244-245.

In the case at bar, Plaintiff contended: 1) The ALJ provided insufficient and incorrect reasons for rejecting the opinions of the treating psychiatrist, Dr. Chandran; and 2) The ALJ mischaracterized the medical records of Dr. Khan, failed to uphold his medical opinions, and failed without adequate explanation to include his limitations in the RFC. Defendant argued that Dr. Chandran's opinion that Plaintiff's depression was at listing-level was not supported by the clinical evidence and was inconsistent with other substantial evidence. Regarding Dr. Khan's opinion, Defendant argued that the ALJ accepted his opinion as far as he determined Plaintiff could perform only sedentary work, but determined that Dr. Khan's other limitations, specifically the need to lie down, recline or frequently rest during the day were not supported by the record.

In the Report and Recommendation, adopted by the District Court after neither party objected, the undersigned first found that the ALJ's finding that Dr. Chandran's opinions were inconsistent with other substantial evidence, specifically, his own, was supported by the record. The undersigned further found that the ALJ did not err in his analysis of the treating psychiatrist's opinions and utilized the correct regulatory factors in evaluating Dr. Chandran's opinion. Finally, the ALJ conducted a thorough and accurate evaluation of Plaintiff's depression and anxiety symptoms under Section 12.00, Appendix 1. The sole problem with the ALJ's evaluation of Plaintiff's depression was that he mistakenly considered Underwood and Associates to be treating psychologists, according them great weight, whereas they were only consultative psychologists to whom Plaintiff had been referred by counsel. The undersigned expressly found that the ALJ could have properly accorded significant weight to the opinions of Ms. Posey and Dr. Underwood and

could have properly made a finding based on the weight he assigned to the June, 2002, consultative evaluation and the July, 2002, consultative assessments; however, the undersigned could not know if the ALJ would have given great weight to those opinions if he had correctly identified them as consultative and not as psychologists who had treated Plaintiff for three years. Although the matter was remanded in part on this ground, the undersigned finds nevertheless that the administrative record was "arguably defensible" and the government's position was therefore substantially justified as regards this issue.

Regarding Dr. Khan's opinion, the ALJ agreed that Plaintiff could work at the sedentary exertional level. He then stated, however:

> In view of the relatively benign objective medical evidence and the doctor's own notes, the other limitations in his assessment are not persuasive. (Exhibit 51F). In this regard, the ALJ notes that the doctor's treatment notes are largely illegible. From what can be deciphered, however, nothing justifies the drastic limitations that he imposed and the ALJ believes that this doctor is advocating for his patient's disability benefits, as opposed to giving an objective analysis (R. 27).

The undersigned found the ALJ's actual written analysis of Dr. Khan's medical opinions insufficient under the Regulations, noting he did not discuss the nature and extent of the treatment relationship between Dr. Khan and Plaintiff; the relevant evidence, or lack thereof, offered by Dr. Khan to support his opinions; or whether Dr. Khan's opinions were consistent with the record as a whole. Most important, the undersigned found the ALJ neither assigned any weight to the opinions of Dr. Khan as Plaintiff's treating physician nor did he assign any specific weight to any other consultative or examining physician to support his RFC of Plaintiff.[1] The undersigned

---

[1] The ALJ made a finding that Plaintiff's degenerative disc disease was not disabling for the reasons set forth in ALJ Levine's October 18, 2002, opinion, and he incorporated ALJ Levine's opinion, relative to that issue, into his December 21, 2004, opinion by reference (R.

4

therefore recommended the matter be remanded for the ALJ to correct this error. The undersigned then expressly stated, however:

> This is not to say that Dr. Khan's opinions or the opinions of the consultative and/or examining physicians are entitled to controlling or any great weight, only that the ALJ's lack of affording weight to any of these opinions is insufficient under the Regulations.

As already noted, the ALJ expressly agreed with Dr. Khan's opinion that Plaintiff was limited to sedentary work. He also determined that Plaintiff should have a sit/stand option; could perform postural movements occasionally, except could not climb ladders, ropes, or scaffolding; should not be exposed to hazards or environmental pollutants or temperature extremes; should work in a low-stress environment with no production line type pace, or independent decisionmaking [sic] responsibilities; and would be limited to unskilled work involving routine and repetitive instructions and tasks, with no more than occasional interaction with others.

Dr. Khan opined that Plaintiff's could "never" or "infrequently" perform posturals, and that she needed to interrupt the workday "frequently" with periods of rest, reclining, and elevation of her feet. " Plaintiff argued in her Motion for Summary Judgment that the vocational expert ruled out work on the basis of the rest periods Dr. Khan assessed. He also ruled out work if pain at the moderate to moderately-severe level impacted upon Plaintiff's reliable work performance. He also ruled out the jobs he actually identified if Plaintiff could only infrequently reach and stretch. Although the case was remanded because the ALJ failed to explain the weight he accorded the

---

24). ALJ Levine discussed the opinions of Dr. Wiley and Dr. Sabio (R. 629-30). He did not assign weight to either opinion. ALJ Levine agreed with the state agency physician's opinion that Plaintiff could perform light work, but found Plaintiff could perform sedentary work. He did not assign weight to that state agency physician's opinion. ALJ Levine did not note on whose medical opinion he relied in determining Plaintiff's RFC.

various opinions, it is clear from the record that he relied on the State agency physicians' opinions, as his RFC was virtually identical to theirs. The ALJ was entitled to accord the State agency reviewing physicians great weight. Although the matter was remanded in part on this ground, the undersigned finds nevertheless that, under the "totality of the circumstances" the administrative record was "arguably defensible" and the government's position was therefore substantially justified as regards this issue.

The undersigned United States Magistrate Judge therefore finds that, despite the fact that the claim was remanded, the "totality of the circumstances" supports the conclusion that the Commissioner's position was "justified to a degree that could satisfy a reasonable person" and had a "reasonable basis in both law and fact." Hyatt v. Barnhart, 315 F.3d 239 (4th Cir. 2002)(quoting Pierce v. Underwood, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)).

## **RECOMMENDATION**

For all the above reasons, the undersigned respectfully recommends Plaintiff's Application for Fees and Expenses [Docket Entry 19] be **DENIED**.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such proposed Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th

Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send an authenticated copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 4th day of March, 2008.

*John S. Kaull*
**JOHN S. KAULL**
**UNITED STATES MAGISTRATE JUDGE**